IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Taizhou Shengwan Home Furnishing Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> NNOVATIVE CLOSET ACCESSORIES LLC, <br><br> Defendants. | **Civil Action No.: 1:25-cv-10257** <br><br> **JURY TRIAL DEMAND** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Taizhou Shengwan Home Furnishing Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, brings this action for declaratory judgment against NNovative Closet Accessories LLC ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for declaratory judgment of non-infringement and invalidity of United States Patent No. 10,273,075 (the "'075 Patent") under the patent laws of the United States, 35 U.S.C. § 1 et seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

2. Plaintiff seeks this relief in direct response to Defendant's recent accusation that Plaintiff's container product infringes the '075 Patent. A true and correct copy of the '075 Patent is attached hereto as Exhibit A.

3. On July 18, 2025, Amazon.com Services LLC ("Amazon") issued a notice to Plaintiff advising that Defendant had submitted a complaint through Amazon's intellectual property

1

enforcement program. Defendant's complaint asserted that Plaintiff's product infringes the '075 Patent. A true and correct copy of Amazon's July 18, 2025, notice is attached hereto as Exhibit B.

4. Following Defendant's complaint, Amazon removed Plaintiff's product listing for ASIN B0FB3229TJ from its marketplace pursuant to its intellectual property enforcement procedures. A true and correct copy of the Amazon inventory page reflecting removal of this listing is attached hereto as Exhibit C.

5. An actual, substantial controversy exists between the parties of sufficient immediacy and reality to warrant declaratory judgment under 28 U.S.C. §§ 2201–2202. Defendant has accused Plaintiff of infringing the '075 Patent, and at Defendant's request, Amazon removed Plaintiff's product listing from its marketplace. Plaintiff contends that its manufacture, use, offer for sale, sale, and importation of its container product (the "Non-Infringing Product") does not infringe, directly or indirectly, any valid claim of the '075 Patent, and further does not violate any intellectual property right of Defendant under federal or state law.

6. A separate and independent justiciable controversy also exists concerning the validity of the '075 Patent. Plaintiff seeks a declaration that the claims of the '075 Patent are invalid and unenforceable under one or more provisions of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

7. Defendant's threatened and actual assertion of patent infringement against Plaintiff's products has caused immediate harm to Plaintiff's business, including the removal of its product listing from Amazon, loss of sales, and damage to customer relationships. These actions give rise to a present, substantial, and justiciable controversy between the parties. Accordingly, Plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, for a judgment declaring that Plaintiff has not infringed and does not infringe any valid claim of the '075 Patent.

## THE PARTIES

8. Plaintiff is a private company organized and existing under the laws of the People's Republic of China, with its principal place of business at room 2, Building 31, Shangma New Community, Shangma Village, Lunan Street, Luqiao District, Taizhou City, Zhejiang Province China. Plaintiff designs, manufactures, and sells home furnishing products, including the Non-Infringing Product.

9. Upon information and belief, Defendant's principal place of business is not in Illinois. Defendant has represented in public filings that its business address is 2952 SW 30th Avenue, Hallandale, Florida 33009. Florida's Division of Corporations records show that multiple unrelated entities have also been registered at that same address.

10. Upon information and belief, Defendant asserted ownership of the '075 Patent in a complaint to Amazon.com, Inc., in which it accused Plaintiff's product of infringement and caused Amazon to remove Plaintiff's product listing.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(2), 1338, 2201, and 2202. This action arises under the patent laws of the United States and the Declaratory Judgment Act. Plaintiff is a corporation organized under the laws of China with its principal place of business in China. Upon information and belief, Defendant is a corporation organized under the laws of Florida with its principal place of business in Hallandale, Florida. The amount in controversy exceeds $75,000, exclusive of interest and costs.

12. This Court has personal jurisdiction over Defendant because, notwithstanding its Florida address, Defendant has purposefully availed itself of the privilege of conducting business in Illinois. Defendant operates a storefront on Amazon.com through which it offers and sells the

accused products nationwide, including to Illinois residents. At least one such sale has been consummated and shipped to an Illinois address. A true and correct copy of that transaction record is attached as Exhibit D.

13. Defendant knew or reasonably should have known that its actions would cause injury in Illinois. Defendant's Amazon Complaint targeted Plaintiff's listings that had been purchased by Illinois customers, resulting in removal of Plaintiff's products from Amazon. The removal impaired Plaintiff's ability to conduct lawful commerce with Illinois customers and substantially disrupted Plaintiff's business relationships in this District.

14. On or about July 18, 2025, Defendant submitted a complaint to Amazon asserting the '075 Patent against Plaintiff. As a direct result of that complaint, Amazon removed Plaintiff's product listings, including ASIN B0FB3229TJ. The takedown therefore caused immediate and foreseeable harm to Plaintiff's business in Illinois and across the United States.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) because Defendant conducts business in this District and a substantial part of the events giving rise to the claims occurred here, including infringing sales and the effect of Defendant's complaint on Plaintiff's Illinois commerce.

16. To the extent Defendant challenges jurisdiction or venue, and solely in the alternative, Plaintiff requests that the case be transferred pursuant to 28 U.S.C. §§ 1406(a) or 1631 to the United States District Court for the Southern District of Florida, where Defendant maintains its principal place of business in public records as 2952 SW 30th Avenue, Hallandale, Florida 33009.

**FACTUAL BACKGROUND**

17. On April 30, 2019, the United States Patent and Trademark Office issued the '075 Patent.

18. Defendant claims ownership of the '075 Patent by assignment, including the right to enforce it.

19. On or about July 18, 2025, Defendant submitted a complaint to Amazon under its intellectual property enforcement program, alleging that Plaintiff's products infringed the '075 Patent.

20. That same day, Amazon notified Plaintiff that its product listing for ASIN B0FB3229TJ had been removed based on Defendant's allegations. The removal substantially impaired Plaintiff's ability to fulfill orders placed by Illinois customers and caused loss of sales originating in this District.

21. Defendant's actions lack legal justification, restrain competition, and unfairly interfere with Plaintiff's access to the marketplace.

22. Plaintiff has at all times acted in good faith. Based on analysis of the '075 Patent and its claims, Plaintiff contends that its products do not infringe under any recognized theory of liability.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT (U.S. PATENT NO. 10,273,075)

23. Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Defendant has contended that Plaintiff's Non-Infringing Products infringe at least one claim of the '075 Patent.

25. Plaintiff avers that, as a direct result of Defendant's complaint to Amazon.com, Inc., Plaintiff's product listings have been removed and its ability to make sales has been impaired, causing immediate and substantial harm to its business.

26. Plaintiff avers that a real, immediate, and substantial controversy exists between the parties concerning whether Plaintiff's Non-Infringing Products, including at least ASIN B0FB3229TJ, infringe any claim of the '075 Patent.

27. Plaintiff avers that it has not infringed, and does not infringe, any valid and enforceable claim of the '075 Patent, whether directly or indirectly, literally or under the doctrine of equivalents, through the manufacture, use, offer for sale, sale, and/or importation of the Non-Infringing Products.

28. Plaintiff avers that it has not engaged in any conduct constituting infringement of any valid and enforceable claim of the '075 Patent.

29. Plaintiff attaches hereto, as Exhibit E, a copy of its non-infringement analysis demonstrating that the accused products do not practice any claim of the '075 Patent.

30. Plaintiff avers that a declaratory judgment is necessary and proper under 28 U.S.C. §§ 2201–2202 to resolve this dispute and to afford Plaintiff certainty and relief from the harm caused by Defendant's baseless accusations.

31. Plaintiff avers that Defendant's allegations of infringement are objectively baseless and have materially damaged Plaintiff's commercial interests, including loss of product visibility, loss of sales, and reputational harm in the marketplace.

32. Plaintiff requests that the Court declare that Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '075 Patent.

33. Plaintiff further requests that the Court declare this case exceptional and award Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '075 Patent

34. Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Defendant has asserted that at least one claim of the '075 Patent is valid, enforceable, and infringed by Plaintiff's accused products.

36. Plaintiff avers that the claims of the '075 Patent are invalid under one or more provisions of the Patent Act, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and the judicially recognized doctrine of non-statutory double patenting.

37. Plaintiff avers that the claims of the '075 Patent are anticipated and/or rendered obvious by prior art references that were publicly available to, and known by, persons of ordinary skill in the art at the time of the alleged invention, but that were not adequately considered during prosecution of the patent.

38. Plaintiff avers that, as a result, the claims of the '075 Patent fail to meet the statutory requirements for patentability and are therefore invalid.

39. A substantial, immediate, and real controversy exists between the parties as to the validity of the '075 Patent, and a declaratory judgment is necessary to resolve this dispute and to relieve Plaintiff from the harm caused by Defendant's improper assertions of validity and infringement.

## PRAYER FOR RELIEF

7

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

1. A declaratory judgment that Plaintiff's products do not infringe any valid claim of United States Patent No. 10,273,075.

2. A declaratory judgment that each and every claim of the '075 Patent is invalid under one or more provisions of the Patent Act, including 35 U.S.C. §§ 101, 102, 103, 112, and under the doctrine of non-statutory double patenting.

3. A permanent injunction enjoining Defendant, and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons acting in concert or privity with them, from directly or indirectly:

    A. Asserting or threatening to assert the '075 Patent against Plaintiff or its customers, vendors, or business partners; and

    B. Failing to provide prompt written notice of the injunction to all such persons and entities.

4. A judgment declaring that this case is "exceptional" within the meaning of 35 U.S.C. § 285, based on Defendant's wrongful and anticompetitive enforcement of the '075 Patent to hinder Plaintiff's ability to compete.

5. An award of Plaintiff's reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

6. An award of pre-judgment interest on any monetary relief awarded.

7. Such other and further relief as the Court may deem just and proper

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: August 26, 2025   Respectfully submitted,

/s/ Alexander Warden
Alexander Warden, Esq.
Alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, 4th and 5th Floor
New York, NY 10018
*Attorney for Plaintiff,*
*Taizhou Shengwan Home Furnishing Co., Ltd.,*